UNITED STATES DISTRICT COURT
MIDDEL DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA**
  Plaintiff,

-vs-                                                  Case No. O6-CR-00169
                                                      Hon. W. Keith Watkins
**DEMETRIOUS TERRELL PEGUES**
          Defendant
_____/

### DEFENDANT PEGUES' MOTION
### FOR DISCLOSURE OF BRADY MATERIALS

NOW COMES the Defendant, Demetrius Pegues, by and through his attorney, Henry M. Scharg, respectfully moves this Honorable Court, pursuant to **Fed. R. Crim. P. 16(a)(1)** and **Brady v Maryland**, 373 U.S. 83 (1963), for an Order requiring disclosure of evidence favorable to the Defendant, and in support thereof, states as follows:

1. That Defendant Demetrius Terrell Pegues, is charged in an Indictment with Count 1: Conspiracy to Distribute Controlled Substance in violation of 21 USC 846; and Count 26: Use of Communications Facility in violation of 21 USC 843(b).

2. That the Government has the obligation to turn over evidence in its possession that is favorable to the Defendant and material to guilty or punishment, including favorable sentencing information. **Brady v Maryland**, 373 U.S. 83 (1963).

3. That impeachment evidence falls within the **Brady** rule. **United States v Bagley, 473 U.S. 667 (1985)**.

4. That the pretrial disclosure of the requested materials is necessary to permit effective trial preparation and to avoid delays during trial.

5. That, pursuant to **Brady**, Defendant Pegues requests copies of any exculpatory statements and/or grand jury testimony regarding his involvement in the instant offense made by any co-defendant or government witness, and the names and addresses of all witnesses favorable to the defense.

6. That pursuant to **Brady**, Defendant requests the following impeachment information relating to potential government witnesses:

    A) The prior criminal records of all potential Government witnesses.

    B) All prior acts of Government witnesses which are probative of truthfulness within the meaning of Fed. R. Evid. 608(b).

    C) Any consideration, promise or inducement to testify given to any potential witness by any agent, attorney or employee of the government or law enforcement agency, state or federal.

    D) Any other material which tends to impeach a government witness, including but not limited to whether a witness is on probation or parole and any consideration, concession or assistance that the government has provided any potential witness with.

    E) Any impeachment information, including but not limited to: grand jury testimony; a witness's prior inconsistent statements; evidence of bias;

character evidence; defect in witness's capacity to observe; and/or proof that material facts are otherwise that expected.

7. That the information requested by Defendant is either in the possession of the government or, by due diligence, can be procured by the government, while the Defendant, on the other hand, has no reasonable means to obtain the requested information.

WHEREFORE, Defendant Pegues respectfully asks this Honorable Court to enter an Order requiring the Government for disclosure of the requested information.

Respectfully submitted:

/s/Henry M. Scharg (P28804)
Attorney for Defendant Pegues
302 W. Main St.
Northville, Michigan 48167
(248) 596-1111
E-mail: hmsattyatlaw@aol.com

Dated: March 26, 2007

UNITED STATES DISTRICT COURT
MIDDEL DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA**
            Plaintiff,

-vs-                                                     Case No. O6-CR-00169
                                                         Hon. W. Keith Watkins
**DEMETRIOUS TERRELL PEGUES**
            Defendant
_____.

**BRIEF IN SUPPORT OF**
**MOTION FOR DISCLOSURE OF BRADY MATERIALS**

   Defendant Demetrius Pegues is charged by Indictment with Count 1: Conspiracy to Distribute Controlled Substance in violation of 21 USC 846; and Count 26: Use of Communications Facility in violation of 21 USC 843(b) The Indictment alleges that Defendant Pegues conspired with others to distribute cocaine and marijuana in Alabama, Texas, Louisana, California, North Carolina and Michigan from January 2002 to the time of the filing of this indictment in July of 2006.  It is apparent from the volumes of discovery material previously provided to the defense that a number of named and unnamed co-conspirators have cooperated in this investigation and have been debriefed and/or called before a federal grand jury.

   Impeachment information relating to these individuals constitutes Brady material.  This request for disclosure is reasonable and compliance is not difficult.

Moreover, the requested information is in the possession of the government and Defendant has no other avenue of obtaining the information.

The government's affirmative duty to disclose evidence favorable to a defendant is most prominently associated with the Supreme Court's decision in **Brady v Maryland**, 373 U.S. 83 (1963). In **Brady**, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." **Brady**, at 87.

The **Brady** rule is based on the requirement of due process. Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur., **United States v Bagley** 473 U.S. 667,675 (1985). The **Brady** rule operates with the recognition that the prosecutor's role transcends that of an adversary because he represents a sovereignty whose interest is in a criminal prosecution is not that it shall win a case, but that justice shall be done. **Id**. At 675, note 6, citing **Berger v United States**, 295 U.S. 78, 88 (1935).

Evidence that may be used to substantially impeach the credibility of a government witness must be disclosed to the defense under the **Brady** rule. **Bagley** at. 676. **Brady** recognizes no distinction between evidence which serves to impeach a government witness' credibility and evidence which is directly exculpatory of the defendant. Both are evidence favorable to the accused and must be disclosed. **United States v Mullins**, 22 F.3d 1365, 1372 (6th Cir. 1994).

The government's duty to disclose is an ongoing one. Information that may be deemed immaterial upon original examination may become important as the proceedings

progress, and the court would be obligated to release information material to the fairness of the trial. Pennsylvania v Ritchie, 480 U.S. 39, 60 (1986). If the government fails to comply adequately with a discovery order requiring it to disclose **Brady** material, it acts at its own peril. **United States v Presser**, 844 F.2d 1275, 1281 (6th Cir. 1988).

The government's disclosure of **Brady** materials must be timed to permit adequate trial preparation. The due process standard is that such evidence must be turned over before it is too late for the defendant to make use of any benefits of the evidence. **United States v Male**, 864 F.2d 641 (9th Cir. 1988). While the government may withhold Jenks Act material until the conclusion of the direct examination of a witness, the better practice and that followed in most federal courts today, is for the government to produce such material well in advance of trial. This avoids the inevitable delay of trial when the material is withheld until the witness concludes direct examination. **United States v Minsky**, 963 F.2d 870, 876 (6th Cir. 1992).

For all the reasons set forth herein, Defendant requests this Court to grant the relief prayed for herein.

Respectfully submitted:

/s/Henry M. Scharg (P28804)
Attorney for Defendant Pegues
302 W. Main St.
Northville, Michigan 48167
(248) 596-1111
E-mail: hmsattyatlaw@aol.com

Dated: March 26, 2007

UNITED STATES DISTRICT COURT
MIDDEL DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA**
**Plaintiff,**

**-vs-**   Case No. O6-CR-00169
Hon. W. Keith Watkins

**DEMETRIOUS TERRELL PEGUES**
**Defendant**
_____ :

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 26, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        A. Clark Morris
        Assistant U.S. Attorney
        PO Box 197
        Montgomery, AL 36101

        Respectfully Submitted:

        /s/ Henry M. Scharg (P28804)
        Attorney for Defendant
        302 W. Main St.
        Northville, MI 48226
        Phone; (248) 596-1111
        E-mail: hmsattyatlaw@aol.com