UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA**
        Plaintiff,

-vs-                                             Case No. O6-CR-00169
                                                 Hon. W. Keith Watkins
**DEMETRIOUS TERRELL PEGUES**
                Defendant
_____/

# MOTION TO SUPPRESS PHYSICAL EVIDENCE

NOW COMES the Defendant, Demetrious Terrell Pegues, by his attorney, Henry M. Scharg, and moves this Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure and the Fourth Amendment of the U.S. Constitution, for an Order suppressing the physical evidence seized as a result of the execution of a search warrant at 21108 Southway Dr., Macomb Twp, Michigan on October 31, 2005. Defendant Pegues files a supporting brief and states as follows:

1. That Defendant Pegues is charged in a multiple defendant Indictment with Count One: Conspiracy to Possess with Intent to Distribute Cocaine, contrary to 21 USC 846. 841(a)(1), 844 and 843(b); and Count 28: Illegal use of a communication facility, contrary to 21 USC 843(b).

2. That this charge is based upon evidence seized in the execution of a search warrant at 21108 Southway Dr., Macomb Twp, Michigan on October 31, 2005.

3. That at the time and place of the execution of said search warrant, Defendant had a legitimate expectation of privacy in the premises searched and the contents thereof, guaranteed by the Fourth Amendment to the United States Constitution.

4. That during a search of Mr. Pegues's residence, agents of the DEA seized U.S. currency, vehicles, jewelry, clothing and computers from various areas of his home.

5. That the search and seizure were conducted in violation of rights secured to Defendant by the Constitution and laws of the United States inasmuch as the affidavit in support of the search warrant did not establish probable cause to believe that the articles to be searched for and seized would be found on the premises to be searched.

6. That the statements in the affidavit relating to the premises in which the objects were seized are mere conclusions based upon suspicions, with the grounds for suspicion left unstated.

7. That the generalized statement of corroboration without reference to what facts were corroborated fails to comply with the "totality of the circumstances" test laid down in **Illinois v Gates, 462 U.S. 213 (1983)**.

WHEREFORE, Defendant respectfully prays that this Honorable Court enter an Order suppressing any and all evidence seized in the course of the execution of the search

warrant at 21108 Southway Dr., Macomb Twp, Michigan, and all evidence derived there from, in the trial in this cause.

                                              Respectfully submitted:

                                              /s/Henry M. Scharg (P28804)
                                              Attorney for Defendant
                                              302 W. Main St.
                                              Northville, Michigan 48167
                                              (248) 596-1111
                                              E-mail: HMSATTYATLAW@AOL

Dated: May 1, 2007

## BRIEF IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE

### FACTS

On October 31, 2005, DEA agents, Macomb County Deputies and Chesterfield police officers participated in the execution a federal search warrant at the residence of Demetrius Pegues, 21108 Southway Dr., Macomb Twp, Michigan. The affiant of the search warrant, S.A. Brian Malagrida stated in the affidavit that he had probable cause to believe that Demetrious Pegues was currently storing records, currency and drug assets at 21108 Southway Dr., Macomb Twp, Michigan.

3

In all, six allegations in the affidavit serve as a basis for the search warrant of the Pegues residence.  1) information from three confidential sources pertaining to illegal drug activities by Demetrious Pegues;  2) Demetrious Pegues's presence during a traffic stop in Texas on July 29, 2002, in which five kilos were seized; 3) intercepted phone conversations between Cliff Johnson and Pegues discussing drug trafficking and money laundering; 4) the surveillance by agents of Cliff Johnson and Charles Craig traveling to Detroit in August 2005 to meet with Mr. Pegues; 5) intercepted phone calls between Cliff Johnson and Charles Craig in reference to a conversation between Craig and Patricia Holland; and 6) the utilization of high-end, expensive cars by Lenay Harris.

.

## ARGUMENT

Introduction.

The "mere affirmance of belief or suspicion is not enough" to establish probable cause, ***Markinson v United States***, 290 US 41, 47 (1983); ***United States v Webber***, 923 F2d 1338, 1345 (1990).  Even under the totality of the circumstances test established in ***Illinois v Gates***, 452 US 213 (1983), the warrant in this case is faulty. Sufficient factual information was not presented to the magistrate to allow that official to determine probable cause.  Mr. Pegues raises four challenges to the search of his residence.

The Affidavit failed to establish probable cause.

The search in this case was only valid if the search warrant affidavit established probable cause for the search. The search warrant affidavit was inadequate to establish a

legal foundation for the issuing magistrate to find that there was probable cause to search for the items contained in the search warrant.

A warrant must be supported by probable cause – that is, in view of the totality of the circumstances the judicial officer who issued the warrant must have had a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found in the place searched, **Illinois v Gates**, 462 US 213 (1983). The issuing magistrate was obligated to perform his or her neutral and detached function based on the facts presented. A warrant requires that the magistrate be more than a mere "rubber stamp," **United States v Travisano**, 724 F2d 341, 345 (2nd Cir 1983). In examining the propriety of a warrant's issuance, the question is whether the facts and circumstances taken as a whole gave the magistrate probable cause to believe the desired items would be found in the search. See **United States v Rabe**, 848 F2d 994 (9th Cir 1988). The affidavit must not only show probable cause to believe that evidence of an offense may be found somewhere, but more specifically that it will be found in the place to be searched.

As the Supreme Court stated in **Zurcher v Stanford Daily**, 436 US 547, 566 (1978), probable cause to search a particular place requires the establishment of reasonable grounds to believe "not that the owner of the property is suspected of a crime but that there is reasonable cause to believe that specific 'things' to be searched and seized are located on the property to which the entry is sought." In order to be constitutionally sufficient, a search warrant affidavit must establish "a nexus between the house to be searched and the evidence sought." **United States v Freeman**, 685 F2d 942, 949 (5th Cir 1982).

5

The information provided in the affidavit was vague, unsupported, uncorroborated and stale. Such information was insufficient to support a finding of probable cause to search the Defendant's residence as required by the Fourth Amendment of the United States Constitution.

Stale Information.

The overall test for staleness is, facts must be sufficient to justify a conclusion that property which is the object of the search is probably on the premises to be searched. ***United States v Greany***, 929 F2d 523 (9th Cir 1991). Each claim of staleness must be decided on its facts, but factors assessed by courts in a staleness challenge are: 1) continuity of the alleged criminal activity, 2) the time elapsed between the last events giving rise to probable cause and the issuance of the warrant, 3) the use of words of present or past tense in the affidavit, and 4) the likelihood that any property sought could be moved. ***United States v Meyers***, 553 F.Supp 98 (D Kansas 1982).

S.A. Brian Malagrida, the affiant of the search warrant, stated that their most recent intelligence information regarding Demetrius Pegues' narcotic trafficking was dated July 29, 2002. The stale information coupled with the other speculative information and surveillance observations were useless in supporting a finding of probable cause. The likelihood that property sought would be found in the Pegues residence was remote at best.

A. Police Conclusions

The mere unsupported and isolated conclusion or opinion of a policeman is not enough to establish probable cause. ***United States v Jenkins***, 901 F2d 1075, 1081 (11th Cir 1990). Expressions of opinions or conclusions based upon the unexplained

6

experiences of an affiant, other officers and informants, and not tied to the particular circumstances of the case are entitled to no more weight than any other suspicion, conjecture, or "bare conclusion," *In Re Grand Jury Proceedings*, 716 F2d 493, 502 (8th Cir 1983). The affiant in this case simply stated his theory that because Mr. Pegues was involved in several traffic stops in the southwest in the past, he must have controlled substances and other contraband in his Michigan home. The affidavit gives no information as to what property was to be found in Pegues' residence, when it was alleged to be located there, and most importantly, how this affiant had such knowledge. The affiant's conclusory assertion cannot be given any weight in supporting a finding of probable cause in this case.

Good Faith

In *United States v Leon*, 468 US 897, 104 S.Ct 3405, 82 L.Ed 2d 677 (1984), the Court held that evidence found in an unconstitutional search will not be excluded if the officer executing the search exhibits objectively reasonable reliance on the magistrate's determination of probable cause, at 922.

The Court in *Leon* acknowledged that an officer could not "manifest objective good faith in relying on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'" at 923 (quoting *Brown v Illinois*, 422 US 590, 610-611).

In the instant case the information contained in the search warrant affidavit did not appropriately demonstrate what probable cause might exist for the search of the Pegues residence. The DEA agents had no reasonable grounds in believing that the warrant was properly issued. The information did not provide the magistrate with sufficient

7

information to show that any alleged evidence might be located at the residence when the search warrant was authorized. In light of the particular deficiencies with Agent Malagrida's affidavit, the government cannot demonstrate that a reasonable officer would have believed that the affidavit established probable cause to search the Pegues residence.

SUMMARY

The affidavit in this case provides only information that is vague, unsupported, uncorroborated and stale. Such information is clearly insufficient to support a finding of probable cause to search the Defendant's residence required by the Fourth Amendment of the United States Constitution.

This Court should enter an Order suppressing any and all evidence seized in the course of the execution of the search warrant at 21108 Southway Dr., Macomb Twp, Michigan on October 31, 2005.

                                                           Respectfully submitted,

                                                           /s/Henry M. Scharg (P-28804)
                                                           Attorney for Defendant
                                                           302 W. Main St.
                                                           Northville, MI 48167
                                                           (Phone) 248- 596-1111
                                                           E-mail: hmsattyatlaw@aol.com

Dated: May 1, 2007

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA**
    **Plaintiff,**

    -vs-                                                Case No. O6-CR-00169
                                                        Hon. W. Keith Watkins

**DEMETRIOUS TERRELL PEGUES**
    **Defendant**
_____

CERTIFICATE OF SERVICE

    I hereby certify that on May 2, 3007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    A.Clark Morris
    Assistant U.S. Attorney
    PO Box 197
    Suite 2001
    Montgomery, AL 36101

    Respectfully Submitted:


    /s/ Henry M. Scharg (P28804)
    302 W. Main St.
    Northville, MI 48226
    Phone; (248) 596-1111
    E-mail: hmsattyatlaw@aol.com