UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA**
        **Plaintiff,**

-vs-                              Case No. O6-CR-00169
                                       Hon. W. Keith Watkins
**DEMETRIOUS TERRELL PEGUES**
        **Defendant**
_____/

## MOTION TO SUPPRESS EVIDENCE
## ARISING FROM AN UNLAWFUL TRAFFIC STOP

NOW COMES the Defendant, Demetrious Terrell Pegues, by his attorney, Henry M. Scharg, and moves this Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure and the Fourth Amendment of the U.S. Constitution, for an Order suppressing all evidence seized as a result of unlawful vehicle stops on February 3, 2002 and July 29, 2002. Defendant Pegues files a supporting brief and states as follows:

1. That Defendant Pegues is charged in an Indictment with Count One: Conspiracy to Possess with Intent to Distribute Cocaine, contrary to 21 USC 846. 841(a)(1), 844 and 843(b); and Count 28: Illegal use of a communication facility, contrary to 21 USC 843(b).

2. That on February 3, 2002, Louisiana State Police Trooper Casey Williams initiated an alleged traffic stop of a vehicle in which Mr. Pegues was the driver.

1

3. The vehicle stop was pretextual, based neither on probable cause to believe a traffic violation occurred, nor reasonable suspicion of criminal activity.

4. Thus, without any probable cause to support a search of the vehicle, the police commenced a roadside search of the interior of the vehicle.

5. On July 29, 2002, Texas Highway Patrol Sergeant James Holland initiated a traffic stop on a vehicle in which Mr. Pegues was a passenger.

6. That the vehicle stop was unsupported by probable cause to believe that a traffic violation occurred.

7. Again, the detention was baseless as the police lacked both probable cause to believe that a traffic violation occurred and reasonable suspicion of criminal activity.

8. To warrant the initial traffic stop, the police must show either probable cause to believe a traffic violation occurred or reasonable suspicion that evidence of a crime or contraband will be found in the vehicle.

9. That the traffic stops of February 3, 2002 and July 29, 2002, violated the Fourth Amendment to the United States Constitution because the police lacked both evidence of a traffic violation and reasonable of criminal activity.

10. As such, this Court should hold the traffic stop and subsequent search to be in violation of the Fourth Amendment and Order the suppression of any evidence seized as a result of this unlawful stop.

11. The government does not concur in the relief requested.

WHEREFORE, Defendant respectfully prays that this Honorable Court to conduct an evidentiary hearing and to enter an Order suppressing the evidence seized on February 2002 and July 29, 2002.

Respectfully submitted:

/s/Henry M. Scharg (P28804)
Attorney for Defendant
302 W. Main St.
Northville, Michigan 48167
(248) 596-1111
E-mail: HMSATTYATLAW@AOL

Dated: May 1, 2007

## BRIEF IN SUPPORT OF
## MOTION TO SUPPRESS EVIDENCE

### LAW AND ARGUMENT

The Fourth Amendment to the United States Constitution states that the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated." It is well established that a roadside traffic stop is a type of seizure within the meaning of the Fourth Amendment. See *Delaware v. Prouse,* 440 U.S. 648, 653 (1979). It is the government's burden to show that probable cause existed to justify a warrant less stop and seizure or a search of a defendant. *United States v. Porter,* 701 F.2d 1158,1165 (6th Cir. 1983).

The Fourth Amendment to the United States Constitution limits the circumstances in which police may effect a vehicle stop. To justify a vehicle stop, the police must either possess reasonable suspicion that evidence of a crime will be found in the vehicle, *Terry v. Ohio,* 392 U.S. 1 (1968), or probable cause that a traffic violation occurred. *Whren v. United States,* 5$^1$7 U.S. 806 (1996); *United States v. Ferguson,* 8 F.3d 385 (6th Cir.), *cert. denied,* 5$^1$3 U.S. 828 (1994). Mr. Pegues moves this Court to suppress all evidence seized as the result of two illegal vehicle stops occurring on February 3, 2002 and July 29, 2002. Because these stops were not justified by reasonable suspicion or a valid traffic violation, both stops were initiated in violation of the Fourth Amendment.


A. THE EVIDENCE SEIZED IN THE FEBRUARY 3, 2002 AND JULY 29, 2002 VEHICLE STOPS AND SEARCHES SHOULD BE SUPPRESSED BECAUSE THE STOPS WERE NOT JUSTIFIED BY A TRAFFIC VIOLATION OR REASONABLE SUSPICION.

A law enforcement officer may make a traffic stop, regardless of subjective motivation, if he or she has probable cause to believe that the vehicle has committed a traffic violation. *Whren,* 517 *V.S.* 806; *Ferguson,* 8 F .3d at 392. "Probable cause is defined as 'reasonable grounds for belief [of a traffic violation], supported by less than *prima facie* proof but more than mere suspicion.'" *Ferguson,* 8 F.3d at 392. *Ferguson* "focus[es] on ... whether [the] particular officer in fact had probable cause to believe that a traffic offense had occurred, regardless of whether this was the only basis or merely one basis for the stop." *Id.*

To justify the vehicle stop in the absence of a traffic violation, the police must be able to identify "specific and articulable facts" comprising reasonable suspicion that the suspect has been, is, or is about to be engaged in criminal activity." *United States v. Garza,* 10 F.3d 1241, 1245 (6th Cir. 1993) (quoting *United States v. Sokolow,* 490 U.S. 1, 12 (1989)). Without probable cause to believe a traffic violation occurred, the absence of reasonable

4

suspicion to justify the stops is glaring. Here, the only information available to the police at the time of the stops was that the target vehicles were parked at a house that the police were surveilling. This information does not rise to the level of "specific and articulable facts."

A vehicle stop must be based on probable cause to believe that a traffic violation occurred or reasonable suspicion that evidence of criminal activity will be found within. Because neither existed at the time of the vehicle stops on February 3, 2002 or July 29, 2002, the stops violated the Fourth Amendment, and all evidence statements, arising from the illegal stop and search of the vehicles should be suppressed.

B. THE EVIDENCE SEIZED IN THE VEHICLE SEARCHES SHOULD BE SUPPRESSED BECAUSE THE DEFENDANT WAS DETAINED WITHOUT REASONABLE SUSPICION AND THE SEARCH RESULTING FROM THE ILLEGAL DETENTION WAS NOT SUPPORTED BY PROBABLE CAUSE.

Even if the Government could justify the vehicle stops by the police on February 3, 2002 and July 29, 2002 on the basis of a traffic violation, the subsequent detention of the defendant and vehicle search were baseless. A seizure that is justified solely by the interest in issuing a traffic citation can become unlawful if it is prolonged beyond the time reasonably required to do complete that purpose. *Illinois v. Caballes,* 543 U.S. 405, 408 (2005).

"Probable cause to believe that a traffic violation occurred is unlike probable cause to believe that a criminal violation has occurred and thus does not allow the police to detain a suspect indefinitely." *U.S. v. Davis,* 430 F.3d 345, 353 (6th Cir. 2005). "Once the purpose of the initial traffic stop is completed, an officer cannot further detain the vehicle or its occupants unless something happened during the stop to cause the officer to have a 'reasonable and articulable suspicion that criminal activity [is] afoot.'" *Id.* at 353-354 (quoting *United States v. Hill,* 195 F.3d 258,264 (6th Cir. 1999)).

**CONCLUSION**

To warrant the initial vehicle stop, the police must show either probable cause to believe a traffic violation occurred or reasonable suspicion that evidence of a crime or contraband will be found in the vehicle. In the case at bar, the police lacked any legitimate reason to conduct a vehicle stop on February 3, 2002 in Louisiana or July 29, 2002 in Texas. As such, this Court should hold the vehicle stop and subsequent search to be in violation of the Fourth Amendment and Order the suppression of any evidence seized as a result of the unlawful stops.

Respectfully submitted,

/s/Henry M. Scharg (P-28804)
Attorney for Defendant
302 W. Main St.
Northville, MI 48167
(Phone) 248- 596-1111
E-mail: hmsattyatlaw@aol.com

Dated: May 1, 2007

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA**
       **Plaintiff,**

-vs-                                    Case No. O6-CR-00169
                                        Hon. W. Keith Watkins
**DEMETRIOUS TERRELL PEGUES**
       **Defendant**
_____.

CERTIFICATE OF SERVICE

    I hereby certify that on May 2, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        A.Clark Morris
        Assistant U.S. Attorney
        PO Box 197
        Suite 2001
        Montgomery, AL 36101

        Respectfully Submitted:

        /s/ Henry M. Scharg (P28804)
        302 W. Main St.
        Northville, MI 48226
        Phone; (248) 596-1111
        E-mail: hmsattyatlaw@aol.com