**UNITED STATES DISTRICT COURT**
**MIDDEL DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**
**Plaintiff,**

    **-vs-**                                  **Case No. O6-CR-00169**
                                              **Hon. W. Keith Watkins**

**DEMETRIOUS TERRELL PEGUES**
**Defendant**

———————————————.

**DEFENDANT PEGUES'S**
**SENTENCING MEMORANDUM**

      Defendant Demetrius Pegues submits this sentencing memorandum in support of his sentencing which is scheduled for September 10, 2008 at 10:00 a.m. As a result of his guilty plea to Count I, Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, 21 USC 846, Mr. Pegues faces a sentence of ten years to life and/or a $4,000,000 maximum fine, a $100.00 special assessment, and at least five years supervised release. Counsel is in receipt of the pre-sentence investigation report prepared by M. Stanford Robinson, of the U.S. Probation Department. The recommended, advisory guidelines are 262 to 327 months, based on a guideline computation which found a Total Offense Level of 38 and a Criminal History Category of II. The government has agreed to move for a downward departure of six levels pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The government is recommending a sentence

of 135 to 168 months imprisonment as a result of Mr. Pegues's substantial assistance as a testifying witness in the recently concluded trial of Charles Daniel Craig. Defendant believes that based upon the circumstances of this case and the significant cooperation provided by him, that the appropriate sentence should be 135 months.

On January 12, 2005, the United States Supreme Court held that mandatory imposition of federal sentencing guidelines is unconstitutional and directed the courts to consider all of the directives set forth in Sect 18 USC 3553(a)(2). See United States v Booker, 543 U.S. 220, 125 S Ct. 738, 160 L Ed. 2d 621 (2005). While the guidelines are advisory, and the Court must still consider the guideline range when imposing a sentence, the defendant believes that there are significant reasons to sentence him at the low end or below the advisory sentencing guideline range.

18 USC 3553(a) requires this Honorable Court to "impose a sentence sufficient, but not greater that necessary" to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and character of the defendant; (3) the types of sentences available; and (7) the need to provide restitution to any victims of the offense.

A number of letters from family, friends and members of the community will be submitted to the Court before sentencing to demonstrate the family and community support that Mr. Pegues has, and will continue to have. A common thread in all these letters is that Demetrius Pegues has "shown much remorse and maturity" while awaiting disposition in the Montgomery City Jail over the last two years, and that he have a great love of family. Mr. Pegues accepts the consequences for his conduct, and looks forward to the day that he can return to his wife and family.

The government has moved this Court, based on the defendant's substantial assistance to depart from the sentencing range determined by the Probation Department, and impose a sentence within the range of 135 to 168 months incarceration. The defendant respectfully urges at a minimum, that the government's recommendation be accepted. Mr. Pegues has fully cooperated with the government, meeting with agents several times to explain his role and involvement in criminal activity, identifying other criminal activity, and testifying at trial against other family members. Mr. Pegues agreed to cooperate and testify at trial, knowing that it could be of substantial risk to himself and his family.

A departure sentence would still reflect the seriousness of this crime because the guideline sentence is substantial due to the nature of the drug, a fact that has not been overlooked by the U.S. Sentencing Commission. A 135 month sentence would more than adequately address the seriousness of this crime, and would show this Court's appreciation for what this Defendant has done and what he is willing to do. Imposing a punitive sentence does not automatically equate to "respect for the law", while a just sentence does accomplish that.

Mr. Pegues is not aware of any pertinent policy statement that this Court should consider when imposing the sentence in this matter. However, it has been the policy of the government, which the courts have followed, to accommodate those defendants who cooperate following their arrests thereby aiding the government not only in solidifying its case, avoiding the time and expense of a trial, assisting the government in identifying other criminal activity and giving substantial testimonial cooperation to bring other offenders to justice. Mr. Pegues violated the law and should be punished, but the Court must also taking into consideration all of these other circumstances.

For the reasons stated herein, Mr. Pegues respectfully requests that this Honorable Court grant the government's request for a downward departure pursuant to 5K1.1 of the sentencing guidelines and impose a sentence of 135 months. Furthermore, Mr. Pegues requests that the sentence imposed in the instant offense run concurrently to the sentence imposed in the State of Texas, in order to achieve a reasonable punishment for the instant offense.

Respectfully submitted,

/s/Henry M. Scharg (P-28804)
Attorney for Defendant
302 W. Main St.
Northville, MI 48167
(Phone) 248- 596-1111
E-mail: hmsattyatlaw@aol.com

Dated: September 4, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
               Plaintiff,

                                      Case No. 06-169

     -vs-                               HON. W. KEITH WATKINS

DEMETRIUS TERREL PEGUES
                        Defendant.

CERTIFICATE OF SERVICE

       I hereby certify that on September 4, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                           A.  Clark Morris
                           Assistant U.S. Attorney
                           131 Clayton St.
                           Montgomery, Alabama 36104

                           Respectfully Submitted:

                           /s/ Henry M. Scharg (P28804)
                           Attorney for Defendant
                           302 W. Main St.
                           Northville, MI 48226
                           Phone; (248) 596-1111
                           E-mail: hmsattyatlaw@aol.com